2012 Ark. 190

**Cleo McKENZIE, Appellant**

v.

**Joshua James PIERCE, Appellee.**

No. 11–933.

Supreme Court of Arkansas.

May 3, 2012.

B. Michael Easley, Easley & Houseal, PLLC, Forrest City, for appellant.

Danny W. Glover, Glover, Roberts & Dooley, Wynne, for appellee.

KAREN R. BAKER, Justice.

This case arose from an order of the St. Francis County Circuit Court denying appellant Cleo McKenzie's motion to quash several subpoenas duces tecum issued to his health-care providers for his medical records and for Rule 11 sanctions. Because resolution of the issues presented involve an extraordinary writ, our jurisdiction is proper pursuant to Arkansas Supreme Court Rule 1–2(a)(3) (2011). Because appellant has no other adequate remedy and because the proceedings are erroneous on the face of the record, we

treat the appeal as a petition for a writ of certiorari and grant the writ.

Kayla Pierce and appellee Joshua Pierce were divorced on August 2, 2007, and Kayla was awarded custody of their minor child. On September 30, 2010, appellee filed a motion for a change of custody. Kayla Pierce McKenzie, now married to appellant, responded requesting that the motion be denied. Appellee asserted several grounds in support of his ⌊2motion, including Kayla's unstable marriage to appellant, appellant's depression, and appellant's lack of stability.

On June 13 and 14, 2011, appellee's attorney caused subpoenas duces tecum to be served on the custodians of the records of two medical facilities requesting that the "medical/mental health records for Cleo McKenzie" be produced on June 23, 2011. On June 21, 2011, appellant filed a motion to quash, asserting that he was not a party to the custody dispute and that issuing the subpoenas violated his rights protected under Arkansas and federal law. He also sought sanctions pursuant to Arkansas Rule of Civil Procedure 11. At a hearing held on June 23, 2011, the circuit court ordered that the subpoenaed medical records be submitted to the court under seal but stated that they would not be reviewed by the circuit court at that time. The circuit court entered an order on June 23, 2011, denying the motion to quash and for Rule 11 sanctions. Appellant filed a notice of appeal from this order on June 24, 2011. On February 20, 2012, appellant filed with this court a motion to stay the lower court's proceedings. On March 8, 2012, this court granted the motion in part and

stayed the release of his medical and psychological records.

▇▇▇ Both parties on appeal discuss other orders of the circuit court entered following the June 23, 2011 order denying the motion to quash. However, the notice of appeal states only that appellant "appeals from [that] order of the court denying his motion to quash, and his motion for Rule 11 sanctions." Rule 3 of the Arkansas Rules of Appellate Procedure–Civil provides that a notice of appeal shall designate the judgment, decree, order, or part thereof from which the case is appealed. Orders not mentioned in the notice of appeal are not⌊3properly before the appellate court. Ark. R.App. P.-Civ. 3(e); *see also Racine v. Nelson,* 2011 Ark. 50, 378 S.W.3d 93. Thus, we limit our review to the June 23, 2011 order.[1]

▇▇▇ A discovery order is interlocutory and generally not appealable. *See Ford Motor Co. v. Harper,* 353 Ark. 328, 107 S.W.3d 168 (2003). Specifically, an order denying a motion to quash a subpoena is not a final order for appeal purposes. *In re Badami,* 309 Ark. 511, 831 S.W.2d 905 (1992). It also is not an order that determines an action under Arkansas Rule of Appellate Procedure–Civil 2(a)(2). *Id.; see also* Ark. R.App. P.-Civ. 2(a)(2) (An appeal may be taken from an order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues an action.). Where no final or otherwise appealable order is entered, an appellate court lacks jurisdiction to hear the appeal. *Ark. Ins. Dep't v. Baker,* 358 Ark. 289, 188 S.W.3d

---

1. On September 20, 2011, the circuit court denied the petition for change of custody and stated that appellant could retrieve his sealed medical records from the circuit clerk's office. On November 23, 2011, the circuit voided and vacated that portion of the September order which denied the petition for change of

custody. Again, appellant's medical records were subpoenaed, whereupon a stay of their release was obtained from this court. Because there remains an existing controversy as to whether the subpoenas must be quashed, the issue before us is not moot.

897 (2004). Because the order denying the motion to quash and for Rule 11 sanctions is not a final order, this court lacks jurisdiction to hear this case as an appeal. However, we may consider appellant's appeal as a petition for extraordinary relief under the original jurisdiction of this court. *See White v. Palo,* 2011 Ark. 126, 380 S.W.3d 405.

There are two requirements that must be satisfied before this court will grant a writ of certiorari. *Jordan v. Cir. Ct. of Lee Cnty.,* 366 Ark. 326, 235 S.W.3d 487 (2006). The first requirement is that there can be no other remedy but the writ of certiorari. *Ark. Dep't of Human Servs. v. Collier,* 351 Ark. 506, 95 S.W.3d 772 (2003). Second, a writ lies where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. Jordan, supra. These principles apply when a petitioner claims that the lower court did not have jurisdiction to hear a claim or to issue a particular type of remedy. *Hanley v. Ark. State Claims Comm'n,* 333 Ark. 159, 970 S.W.2d 198 (1998).

As noted above, appellant does not have a right of appeal from the circuit court's order denying the motion to quash as it is not a final order. Also, even when a final, appealable order is entered, he still will not have a right to appeal as he is not a party to the custody dispute. An appellate court cannot act upon an appeal taken by one not a party to the action before the trial court except under two circumstances. *Swindle v. Benton Cnty. Cir. Ct.,* 363 Ark. 118, 211 S.W.3d 522 (2005). First, appellate review may be had where a nonparty seeks relief under Arkansas Rule of Civil Procedure 60(k), which provides that an independent action may be filed to relieve a person from judgment who was not actually served with process. *Id.* The second exception arises where any appellant, though not a party, has a pecuniary interest affected by the court's disposition of the matter below. *Id.* Neither exception applies here, and appellant has no other remedy except for the writ of certiorari.[2]

Ordinarily, a writ of certiorari will not lie regarding discovery matters. *Monticello Healthcare Ctr., LLC v. Goodman,* 2010 Ark. 339, 373 S.W.3d 256. A discovery ruling is a matter well within the circuit court's jurisdiction and discretion, and a writ of certiorari will not lie to correct any perceived error in the circuit court's ruling. *Chiodini v. Lock,* 373 Ark. 88, 281 S.W.3d 728 (2008). However, there are exceptions to the general rule. *See, e.g., Ark. Democrat–Gazette, Inc. v. Brantley,* 359 Ark. 75, 194 S.W.3d 748 (2004) (certiorari appropriate when the issue is not merely one of discovery).

We recognized an exception in *Kraemer v. Patterson,* 342 Ark. 481, 29 S.W.3d 684 (2000), that is dispositive of

---

2. The dissent would hold that appellant has an adequate remedy because he can seek a protective order pursuant to Arkansas Rule of Civil Procedure 26(c). Rule 26 provides in relevant part that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the issues in the pending actions." Ark. R. Civ. P. 26(b)(1) (2011). Appellant's medical records are privileged pursuant to Arkansas Rule of Evidence 503.

Additionally, Rule 26(c) provides that a protective order may be sought "upon motion by a party or by persons from whom discovery is sought." Here, appellant is neither a party, nor a person from whom discovery is sought. The subpoenas duces tecum in this case were issued to appellant's medical care providers. Thus, the dissent is incorrect that appellant has a remedy pursuant to Rule 26(c).

whether the writ should lie in this case. In *Kraemer*, the plaintiffs sought a writ of certiorari to preclude enforcement of an order permitting the defendants in a medical-malpractice action from calling as an expert witness one of the plaintiff's treating physicians. The plaintiffs argued that the circuit court's order violated Arkansas Rule of Evidence 503, which prohibits any informal, ex parte contact or communication with the patient's physician. We rejected the contention that the issue could be addressed on appeal if the plaintiffs did not prevail in the suit:

We hold, therefore, that Rule 503(d)(3)(B) by its plain language forbids ex parte communication with the patient's physician in the absence of the patient's consent. Further, because the Rule also denies the court the authority to compel the patient's consent, we also hold that the trial court erred in authorizing ex parte communication between Dr. Cloud and defense counsel without the plaintiff's consent. A writ of certiorari lies only where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy. Here, it is apparent from the pleadings and the court's order that the court's order was inconsistent with the express language of the rule. Moreover, we are persuaded that an appeal of an adverse decision would not be an adequate remedy under the circumstances.

*Id.* at 492, 29 S.W.3d at 690–91. (Internal citation and footnote omitted.)

As in *Kraemer*, at the heart of this case is the physician-patient privilege, a privilege recognized in this State since 1838. *See* Revised Statutes of Arkansas (1838), Chapter 158, Section 22. The privilege is protected under Arkansas Rule of Civil Procedure 35, which permits discovery of medical records. Specifically, Rule 35(c)(1) provides that a party who relies upon his or her "physical, mental, or emotional condition as an element of his or her claim or defense shall, within 30 days after the request of any other party, execute an authorization to allow such other party to obtain copies of his or her medical records." Ark. R. Civ. P. 35(c)(1) (2011). Again, appellant is not a party in the custody case.

The privilege also is protected in Arkansas Rule of Evidence 503. Rule 503 provides that "[a] patient has a privilege to refuse to disclose and to prevent any other person from disclosing his medical records or confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional condition, including alcohol or drug addiction, among himself, physician or psychotherapist." Ark. R. Evid. 503(b) (2011). However, "[t]here is no privilege under this rule as to medical records or communications relevant to an issue of the physical, mental, or emotional condition of the patient in any proceeding in which he or she relies upon the condition as an element of his or her claim or defense." Ark. R. Evid. 503(d)(3)(A) (2011).

Appellee argues that the subpoenas were issued to the medical providers "so that the court could determine if appellant had health, medication, or suicidal issues that should be addressed by the court." The essence of this argument is that there is an exception to the physician-patient privilege for a court, as opposed to the litigants, to access a witness's medical records. We reject this contention outright. Rule 503 gives the patient the privilege, not the courts. Ark. R. Evid. 503(b); *see also Kraemer, supra.* Moreover, an exception to the privilege exists only when a patient relies on his medical condition as part of his claim or defense in a proceed-

ing. Ark. R. Evid. 503(d)(3)(A); *see also* Ark. R. Civ. P. 35. Appellant is not a party to the underlying custody dispute, and thus, he has presented no claim or defense in that matter.

Access to a nonparty witness's medical information was addressed in *Johnson v. State*, 342 Ark. 186, 27 S.W.3d 405 (2000). There, Ashley Heath, the child eyewitness to a capital murder, waived the psychologist-patient privilege, permitting the defense access to her medical records. The defendant's conviction was reversed, and on retrial, after Heath had obtained a new psychologist, she asserted the psychologist-patient privilege with regards to the new physician. The defendant sought access to the medical records but was denied, and on appeal, we held, that "Rule 503(d)(3)(A) clearly anticipates that the privilege is inapplicable only as to a *party* to a proceeding who brings his or her own physical, mental, or emotional |₈condition into issue." *Johnson v. State*, 342 Ark. 186, 195, 27 S.W.3d 405, 411 (2000) (emphasis in original). We denounced the attempt to circumvent Rule 503 by calling into question a witness's mental or emotional condition and held "that because Ashley Heath was not a party to the proceedings and did nothing to bring her own emotional condition into issue, she properly asserted her psychotherapist/patient privilege." *Id.* Likewise, here, appellant did nothing to bring his medical condition into issue.

Appellee contends that there is no privilege for the fact that treatment was sought and received and cites to *Cavin v. State*, 313 Ark. 238, 855 S.W.2d 285 (1993), and *State v. Sypult*, 304 Ark. 5, 800 S.W.2d 402 (1990). These cases are distinguishable. In *Cavin*, the defendant admitted to two medical personnel that he had killed someone, and we found that the statements were not confidential communications be-

cause there was no proof that the defendant was seeking treatment. Moreover, we said that the testimony of the medical personnel was admissible under the Rule 503(d) exception because the defendant's defense of involuntary intoxication placed his medical condition in issue.

In *Sypult*, the circuit court ruled that the State could admit evidence that the defendant sought treatment, the type of treatment sought, and that the VA Hospital made a report in accordance with Arkansas law concerning the reporting of suspected child abuse to the proper authorities; however, any confidential statements between the defendant and his health-care providers were inadmissible. In an interlocutory appeal, the State contended that the confidential statements were admissible. This court disagreed and in dicta stated that there was no privilege with regard to the fact that Sypult sought and received treatment. Neither |₉*Cavin* nor *Sypult* involved the admissibility of medical records.

Next, appellee asserts that appellant's in loco parentis relationship to the minor child and his marriage to Kayla essentially make him a party to this action. We disagree. Party status is generally obtained by initiating an action through filing a complaint or responding to a complaint by answer. *In re $3,166,199*, 337 Ark. 74, 987 S.W.2d 663 (1999). It is also possible to become a party by intervention under Arkansas Rule of Civil Procedure 24 or by joinder under Rule 19. *Id.* Neither rule applies here. Moreover, this argument is not well developed and not supported by citations to authority. We do not consider arguments without convincing argument or citations to authority. *Seth v. St. Edward Mercy Med. Ctr.*, 375 Ark. 413, 291 S.W.3d 179 (2009).

Appellant's mental health may be relevant to the underlying custody case; how-

ever, that analysis, as in any case, must be based on admissible evidence. *See* Ark. R. Evid. 402 (2011) (All relevant evidence is admissible, except as otherwise provided by statute or by these rules.). The record reveals that appellant's mental health was examined through other admissible evidence. A nonparty's medical records cannot be subpoenaed under the circumstances presented in this case, and it is apparent from the pleadings and the June 23, 2011 order that a direct appeal would not be an adequate remedy. Accordingly, a writ of certiorari will lie. Appellant also seeks review of the denial of his motion for Rule 11 sanctions. In light of our holding that the motion to quash should have been granted, we remand for consideration the issue of whether Rule 11 sanctions are appropriate in this case.

Writ of certiorari granted.

HANNAH, C.J., and GOODSON, J., concur.

CORBIN, GUNTER, and DANIELSON, JJ., dissent.

JIM HANNAH, Chief Justice, concurring.

I concur in the result reached by the majority. However, I write separately to state the analysis by which I reach that same conclusion. At issue is whether the circuit court erred in denying a motion to quash subpoenas directing production of a nonparty's medical records. The general rule is that medical records are confidential and not subject to discovery. *See Barr v. State*, 336 Ark. 220, 228, 984 S.W.2d 792, 795–96 (1999). Medical records are privileged and in the context of this case are discoverable only if the conditions of Arkansas Rule of Civil Procedure 35(c)(1) and Arkansas Rule of Evidence 503 can be

met. The conditions have not been met in this case.

Rule 35(c)(1) provides as follows:

[a] party who relies upon his or her physical, mental, or emotional condition as an element of his or her claim or defense shall, within 30 days after the request of any other party, execute an authorization to allow such other party to obtain copies of his or her medical records.

Arkansas Rule of Evidence 503, which governs the physician and psychotherapist-patient privilege, provides as follows:

There is no privilege under this rule as to medical records or communications relevant to an issue of the physical, mental, or emotional condition of the patient in any proceeding in which he or she relies upon the condition as an element of his or her claim or defense, or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of his or her claim or defense.

Ark. R. Evid. 503(d)(3)(A).

McKenzie is not a party and, therefore, has not relied on any medical condition as an element of a claim or a defense. His medical records are not subject to discovery under Rule 35(c)(1) or Rule 503, and they were not subject to the subpoenas issued by James Pierce's attorney in this case.

I agree that McKenzie's appeal may be considered as a petition for extraordinary relief under the original jurisdiction of this court. McKenzie is not a party to the Pierce custody action and will not be a party to that action when the final, appealable order on custody is entered. He will have no appealable interest in the final order on custody. A discovery dispute between parties is not at issue. This case presents no danger of piecemeal appeals.

In *Kraemer v. Patterson*, 342 Ark. 481, 29 S.W.3d 684 (2000), a medical-malpractice action, matters relating to plaintiff's subsequent medical treatment on an unrelated condition were found privileged and subject to a petition for a writ of certiorari. This court stated that it was "persuaded that an appeal of an adverse decision would not be an adequate remedy under the circumstances." *Kraemer*, 342 Ark. at 481, 492, 29 S.W.3d at 690–91. A petition for writ of certiorari may be heard in this case.

I also note that the issue presented is not moot. While McKenzie's medical records upon production were not reviewed, and have since been returned to McKenzie, the threat of disclosure remains. As the majority notes, James yet seeks disclosure of McKenzie's medical records by way of subpoena. "[A] case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy." *Bank of America, N.A. v. Brown*, 2011 Ark. 446, at 3, 2011 WL 5110201 (citing *Kinchen v. Wilkins*, 367 Ark. 71, 74, 238 S.W.3d 94, 97 (2006)). An existing legal controversy remains.

While McKenzie's mental health may be highly relevant to the best-interest-of-the-child analysis in the underlying custody dispute, that analysis must be made based on admissible evidence. To hold that the records are subject to subpoena under these facts means that, by marrying a person with children, the new spouse thereby waives the confidentiality of his or her medical records in any proceeding regarding custody of the spouse's children. I concur in the majority's conclusion that the subpoenas were improper. I also agree that the motion under Arkansas Rule of Civil Procedure 11 may be considered anew upon remand.

GOODSON, J., joins.

PAUL E. DANIELSON, Justice, dissenting.

The majority opinion delivered today demonstrates that extraordinary writs will no longer be issued on an extraordinary basis, but instead at the whim of this court. Simply because the majority has itself deemed the records at issue privileged and therefore believes the circuit court erred in denying Mr. McKenzie's motion to quash, it issues an extraordinary writ, a decision that flies in the face of this court's precedent. Because I believe the instant facts do not warrant the issuance of a writ, I respectfully dissent.

As an initial matter, I feel compelled to develop further the procedural posture by which the instant matter was brought to us. Mr. McKenzie brings the instant appeal from an interlocutory order of the circuit court denying his motion to quash; however, such an order is not appealable under Ark. R.App. P.-Civ. 2. *See, e.g., Ford Motor Co. v. Harper*, 353 Ark. 328, 107 S.W.3d 168 (2003) (holding a lack of jurisdiction to consider an interlocutory appeal of an issue relating to a discovery matter). While this court can treat the appeal as a petition for extraordinary relief in limited circumstances, the matter before us is moot, as made clear by the circuit court's subsequent orders in the case, which were made a part of the record by this court's granting of motions to supplement. Despite its mootness, I believe that the issue presented is one capable of repetition, yet evading review, an exception to the mootness doctrine. Nonetheless, it is my opinion that an extraordinary writ is not warranted.

The circuit court did deny Mr. McKenzie's motion to quash; however, the circuit court, in its final order denying custody, stated, in relevant part:

The medical records of Cleo McKenzie have been under lock and seal since the June 23, 2011 hearing. This court has not reviewed those records. . . . The Circuit Court Clerk is ordered and directed to release McKenzie's three medical records to only Mr. McKenzie, upon proper identification.

As evidenced by the circuit court's order, Mr. McKenzie's records were never examined by the circuit court and were ordered returned to him. Thus, any error in denying the motion to quash was rendered moot by the circuit court's subsequent final order. As a general rule, the appellate courts of this state will not review issues that are moot. *See Mountain Pure, LLC v. Little Rock Wastewater Util.*, 2011 Ark. 258, 383 S.W.3d 347. To do so would be to render advisory opinions, which this court will not do. *See id.* We have generally held that a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *See id.* In other words, a moot case presents no justiciable issue for determination by the court. *See id.*

This court has recognized two exceptions to the mootness doctrine. *See Monticello Healthcare Ctr., LLC v. Goodman*, 2010 Ark. 339, 373 S.W.3d 256. The first exception involves issues that are capable of repetition, yet evading review, and the second exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *See id.* In this case, the supplemental record reveals that the circuit court later set aside that portion of its final order denying the petition for change of custody, on the basis of misrepresentation and fraud by Ms. McKenzie, as it related to Mr. McKenzie's mental health. Accordingly, it would appear that the issue raised is capable of repetition, yet evading review.[1]

That being said, a writ of certiorari is not warranted in this case. We have previously held that because a circuit court's discovery ruling is a matter well within the circuit court's jurisdiction and discretion, a writ of certiorari would not lie to correct any perceived error in the circuit court's ruling. *See Chiodini v. Lock*, 373 Ark. 88, 281 S.W.3d 728 (2008). Moreover, we have previously denied petitions for writs of certiorari even when the alleged discovery violation pertained to materials that the petitioning party claimed were privileged. *See Baptist Health v. Pulaski Cnty. Circuit Court*, 373 Ark. 455, 284 S.W.3d 499 (2008). We have made clear our rationale for this position:

This petitioner insists that if it complies with the trial court's order, under protest, its remedy by eventually taking an appeal from the final judgment will be inadequate, for, even if we should hold that the discovery order was an error, the harm will already have been done. In effect it is argued that if the cat is ever let out of the bag it can never be gotten back into the bag. An identical argument can be made whenever a discovery order is objected to. To sustain the argument in this case would

---

1. This is further evidenced by Mr. McKenzie's motion to stay recently filed with this court following the circuit court's setting aside its final order denying a change of custody. In his motion, Mr. McKenzie stated that Mr. Pierce again subpoenaed Mr. McKenzie's medical providers and that the circuit court denied Mr. McKenzie's renewal of his motion to quash; admitted the records into evidence, but did not order them opened; and entertained methods by which the records could be opened with the least damage done to Mr. McKenzie's privilege. Thus, despite the circuit court's original order to return the medical records to Mr. McKenzie, it would appear that those same records are at issue once again.

mean that we should have to make a similar piecemeal decision whenever an application for discovery is unsuccessfully resisted at the trial level. We have repeatedly held that we cannot review interlocutory orders in this fashion. *Arkansas State Highway Comm'n v. Ponder*, 239 Ark. 744, 745–46, 393 S.W.2d 870, 871 (1965). *See also Monticello Healthcare Ctr., LLC, supra.*

The majority wrongly asserts that because Mr. McKenzie may not have a right of appeal, he has no other remedy; but that is simply not the case. The mere fact that Mr. McKenzie is not a party to the litigation in no way renders a writ warranted. *See Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (denying writs of prohibition and certiorari to a nonparty physician seeking to avoid being deposed). *See also Arkansas Democrat–Gazette, Inc. v. Brantley*, 359 Ark. 75, 194 S.W.3d 748 (2004) (noting that in addressing exclusive discovery issues, the court does not traditionally grant a nonparty's petition for writ of certiorari). As succinctly set forth in *Lupo*, Arkansas Rule of Civil Procedure 26(c) regarding protective orders was and is available to Mr. McKenzie should he wish to avail himself of its remedy. There is too the majority's erroneous reliance on our decision in *Kraemer v. Patterson*, 342 Ark. 481, 29 S.W.3d 684 (2000), which is equally unavailing, as that case in no way involved an issue of discovery, but the admissibility of expert witness testimony. Merely because the issue of privilege was present in *Kraemer* in no way renders the decision in that case apposite to the one at hand, despite the majority's attempt to make it so. Moreover, by engaging in its analysis of whether the records were indeed privileged as claimed by Mr. McKenzie, the majority looks beyond the face of the record to ascertain the merits of the controversy, which this court has held it will not do when entertaining a petition for writ of certiorari. *See Baptist Health*, 373 Ark. at 460, 284 S.W.3d at 503 (holding that any decision as to whether the documents in question were privileged and should not have been ordered disclosed "would require us to delve into the underlying merits of the controversy, which this court has frequently held is improper in deciding whether to issue the writ").

What we have made abundantly clear, yet the majority so conveniently ignores, is that a writ of certiorari is extraordinary relief, and this court will grant it *only* when there is a lack of jurisdiction in the trial court, an act in excess of jurisdiction by the trial court on the face of the record, or the proceedings are erroneous on the face of the record. *See Advance Fiberglass, LLC v. Rovnaghi*, 2011 Ark. 516, 2011 WL 6091346. In determining its application, this court will not look beyond the face of the record to ascertain the merits of a controversy, or to control a court's discretion, or to review a finding of fact, or to reverse a court's discretionary authority. *See id.* A writ of certiorari lies only where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, *and* there is no other adequate remedy available to the petitioner. *See id.* The focus is whether the circuit court lacked authority to act in issuing its order, not whether it erroneously decided an issue it had authority to decide. *See White v. Palo*, 2011 Ark. 126, 380 S.W.3d 405. Certainly the circuit court had jurisdiction to determine a motion to quash, just as it has jurisdiction to determine whether the subpoenaed records are in fact privileged. Moreover, even assuming a gross abuse of discretion, Mr. McKenzie has not demonstrated an inadequacy of remedy, where the provisions of Rule 26 were and are available to him.

Extraordinary writs are deemed an extraordinary form of relief for a reason. Under the majority's reasoning, any and all discovery disputes can now be taken up through an extraordinary writ, marking a direct departure from this court's precedent and its prohibition ⌊17against piecemeal appeals. If this court wishes to change its procedure for determining discovery issues, it should do so by amending its rules, not by eviscerating black-letter law.[2] For these reasons, I respectfully dissent from the majority's issuance of the writ of certiorari.

CORBIN and GUNTER, JJ., join.

---

**2.** For instance, I would suggest amending our rules to permit an interlocutory appeal from an order denying a motion for protective order.