SLIP OPINION  Cite as 2014 Ark. 451

# SUPREME COURT OF ARKANSAS

Nos. CR-91-279, CR-91-293

| | | |
|---|---|---|
| JOHN R. LUKACH | PETITIONER | Opinion Delivered October 30, 2014 |
| V. | | PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS, MOTION TO APPOINT COUNSEL AND FOR HEARING, AND "MOTION FOR ORDER AND SUPPLEMENTAL MOTION" [HOT SPRING COUNTY CIRCUIT COURT, NOS. 30CR-91-115, 30CR-91-123, 30CR-91-124, 30CR-91-126] |
| STATE OF ARKANSAS | RESPONDENT | |
| | | PETITION AND MOTION TO APPOINT COUNSEL AND FOR HEARING DENIED; MOTION FOR ORDER MOOT. |

## PER CURIAM

In 1991, petitioner John R. Lukach was charged with three counts of rape and one count of burglary. The counts were severed for trial. In the first trial, appellant was convicted of two counts of rape and sentenced to two concurrent terms of life imprisonment. We affirmed. *Lukach v. State*, 310 Ark. 119, 835 S.W.2d 852 (1992). In the second trial, appellant was convicted of rape and burglary and was sentenced to life imprisonment and twenty years. We also affirmed that judgment. *Lukach v. State*, 310 Ark. 38, 834 S.W.2d 642 (1992). Now before us are petitioner's pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis, pro se motion to appoint counsel and for a hearing on the

petition, and a pleading entitled "Motion for Order and Supplemental Motion."[1]

Postconviction matters are considered civil in nature, and there is no absolute right to appointment of counsel. *Ellis v. State*, 2014 Ark. 24 (per curiam). We have appointed counsel in cases where the petitioner has made a substantial showing that he is entitled to relief in a postconviction proceeding and that he cannot proceed without counsel. *See Evans v. State*, 2014 Ark. 6. Because we find that petitioner fails to raise any cognizable claim in the instant petition, we deny petitioner's request for the appointment of counsel.

Turning to the merits of the petition to reinvest jurisdiction, a petition for leave to proceed in the circuit court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam) (citing *Sparks v. State*, 2012 Ark. 464 (per curiam)); *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 849 (per curiam) (citing *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61). A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans*, 2013 Ark. 273 (citing *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam) (citing *Newman*, 2009 Ark. 539, 354 S.W.3d 61). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of

---

[1]The petition is assigned the same docket numbers as the direct appeals from the judgments of conviction.

SLIP OPINION

demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273 (citing *McDaniels v. State*, 2012 Ark. 465 (per curiam)). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

While petitioner's arguments are not clearly delineated, the petition fails to state a claim that would warrant issuance of a writ of error coram nobis. In the petition, petitioner alleges that the circuit court lacked jurisdiction over the underlying cases. Specifically, petitioner states that the crimes for which he was convicted occurred in Hot Spring County but that he was tried in Grant County. While jurisdictional issues do not fall within one of the four categories for issuance of a writ, a question of a circuit court's jurisdiction over a defendant is always open and is not one that may be waived by either party. *Reed v. State*, 2011 Ark. 115 (per curiam). Nevertheless, appellant's claim, though couched as a jurisdictional issue, actually concerns the venue of the trials, and it was previously addressed by this court in *Lukach v. Norris*, CR-05-1344 (Ark. Mar. 23, 2006) (unpublished per curiam). In dismissing petitioner's appeal from the denial of habeas-corpus relief, we noted that there was a change of venue from Hot Spring County and that the same circuit court judge conducted the trial in Grant County, which at that time, was within the same judicial district as Hot Spring County. We further held that "[a] circuit judge

3

has the authority to preside over proceedings in any courtroom, in any county, within the judicial district for which that judge was elected." *Lukach*, slip op. at 4. His claim is thus precluded from being raised again pursuant to the law-of-the-case doctrine. *McArty v. State*, 2009 Ark. 232 (per curiam). This doctrine dictates that an issue raised and concluded in a prior appellate decision may not be revisited in a subsequent proceeding as the matter becomes res judicata. *Id.*

Petitioner's remaining claims are ones of trial error and do not fall within one of the four categories warranting error-coram-nobis relief. Specifically, petitioner asserts that, (1) he was denied notice of and the right to be present at the sentencing hearings, (2) his sentences are unconstitutional and void, (3) he was subjected to double jeopardy, (4) he was subjected to cruel and unusual punishment, (5) the jury was not instructed on the lesser-included offenses of rape, (6) the verdict forms were invalid, (7) his sentences are not supported by sufficient evidence, and (8) the felony information was not valid. Even so, allegations of trial error, even those of constitutional dimension, do not provide a ground to grant a writ of error coram nobis. *Travis v. State*, 2014 Ark. 82 (per curiam); *Hooper v. State*, 2014 Ark. 16 (per curiam). While petitioner claims that the errors were not known at the time of trial, he fails to identify issues unknown at the time of trial that could not have been raised at trial and on direct appeal. *Travis*, 2014 Ark. 82.

With respect to petitioner's alternative request that a writ of certiorari be issued, petitioner has also failed to allege grounds warranting issuance of a writ of certiorari. The writ is an appropriate remedy where the lower court's order has been entered without, or in excess of, jurisdiction. *Bates v. McNeil*, 318 Ark. 764, 888 S.W.2d 642 (1994). There are two

requirements that must be satisfied before this court will grant a writ of certiorari. *McKenzie v. Pierce*, 2012 Ark. 190, 403 S.W.3d 565. The first requirement is that there can be no other remedy but the writ of certiorari. *Id.* Second, a writ lies where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.* As previously discussed, the claims now raised by petitioner could have been raised at trial or on direct appeal. Where there is another remedy available, a writ of certiorari will not be granted. *Robinson v. State*, 2012 Ark. 356.

In his remaining pleading—"Motion for Order and Supplemental Motion"—petitioner reiterates many of the claims raised in his petition to reinvest jurisdiction and further requests that this court issue an order on the petition. As we find no merit to the petition to reinvest jurisdiction and deny it, the "Motion for Order and Supplemental Motion" is moot.

Petition and motion to appoint counsel and for hearing denied; motion for order moot.

*John R. Lukach*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for respondent.