# SUPREME COURT OF ARKANSAS

No. CR–07–681

| | | |
|---|---|---|
| WESLEY JEFFERSON | PETITIONER | **Opinion Delivered** October 26, 2017 |
| V. | | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [ST. FRANCIS COUNTY CIRCUIT COURT, NO. 62CR-05-513] |
| STATE OF ARKANSAS | RESPONDENT | PETITION DENIED. |

**SHAWN A. WOMACK, Associate Justice**

Petitioner Wesley Jefferson, who was found guilty by a jury of capital murder and other felony offenses, asks this court to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Jefferson asserts that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by not revealing to the defense that there was a commentary to the capital-murder statute, Arkansas Code Annotated section 5-10-101(a)(1) (Supp. 2005), that would have supported his argument at trial that his conduct did not satisfy the elements of capital murder. He also argues that the evidence adduced at trial was not sufficient to sustain the judgment that he committed capital murder. Because Jefferson has not stated a ground on which the writ could issue, the petition is denied.

Jefferson's petition for leave to proceed in the trial court is necessary because this court affirmed the judgment in his case in 2008, *Jefferson v. State*, 372 Ark. 307, 276 S.W.3d 214 (2008), and the trial court cannot entertain a petition for writ of error coram nobis after

SLIP OPINION

a judgment has been affirmed on appeal unless we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

In making the determination of whether the writ should issue, we look to the reasonableness of the allegations in the petition and to the existence of the probability of the truth thereof. *Id.* A writ of error coram nobis is an extraordinarily rare remedy and there is a strong presumption that the judgment of conviction is valid. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000); *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376.

With respect to Jefferson's claim that the evidence was insufficient to sustain the judgment, an allegation that calls into question the sufficiency of the evidence at trial is a direct challenge to the judgment that is not cognizable in a coram nobis proceeding. *Scott v. State*, 2017 Ark. 199, at 3, 520 S.W.3d 262, 265.

SLIP OPINION

Jefferson's claim of a *Brady* violation does not establish that the writ should issue because he fails to satisfy the requirement under *Brady* that the petitioner establish that the State wrongfully withheld material evidence from the defense. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court held that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *see Howard*, 2012 Ark. 177, at 8, 403 S.W.3d 38, 44.

Jefferson contends the legislative commentary that was withheld by the State was an important statement of legislative intent and that the State had a duty under *Brady* to learn of this commentary and alert his defense to it. He argues that the State's failure to do so amounted to the wrongful withholding of material evidence. Clearly, however, any published commentary to a statute could have been known at the time of trial and did not constitute "material evidence" that could have been withheld by the State from the defense in violation of *Brady*. *Brady* does not require the State to conduct legal research and provide that research to the defense.

Petition denied.