SLIP OPINION

Cite as 2017 Ark. 290

# SUPREME COURT OF ARKANSAS

No. CV-16-1016

| | |
|---|---|
| HOWARD T. WOOD<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS, ARKANSAS SENTENCING COMMISSION, AND GOVERNOR ASA HUTCHINSON<br>APPELLEES | **Opinion Delivered** OCTOBER 26, 2017<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION, AND MOTION FOR DEFAULT JUDGMENT [NO. 60OT-50-6]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br><u>REMANDED WITH INSTRUCTIONS</u>. |

**JOSEPHINE LINKER HART, Associate Justice**

This appeal arises from the circuit court's denial of appellant Howard T. Wood's pro se petition to proceed in forma pauperis. Wood sought permission to proceed as a pauper so that he could pursue a petition for declaratory judgment. However, in denying his petition to proceed in forma pauperis, the circuit court failed to provide findings of fact justifying its decision. We remand for those findings.

In Wood's declaratory judgment petition, he asks the circuit court to find unconstitutionally vague and void the language in Arkansas Code Annotated section 16-90-804(c)(2)(B) (Repl. 2016), that described an aggravating factor to be considered for a departure from the presumptive sentence. The circuit court denied Wood's petition to proceed as a pauper without providing any explanation or underlying basis for the decision.

Rule 72(c) of the Arkansas Rules of Civil Procedure mandates that the circuit court make a specific finding of indigency based on the petitioner's affidavit. Once the circuit court has ascertained that a petitioner is indigent, the circuit court must then determine if the facts alleged by the petitioner state a colorable cause of action. *Id.*

The circuit court failed to make the findings of fact mandated by Rule 72(c). Accordingly, this court must remand unless it is apparent on the face of the petitioner's pleading that the cause of action could not proceed as a matter of law. *See Ashby v. State*, 2017 Ark. 233 (forgoing remand where appellant sued the State of Arkansas instead of the tribunal toward whom his writ of prohibition was directed).

In the case before us, there is no obvious procedural defect on the face of Wood's declaratory-judgment petition that would cause this court to forgo remanding this case to the circuit court for the findings required by Rule 72(c). Accordingly, we remand this case to the circuit court for entry of a supplemental order on the in forma pauperis petition that complies with Rule 72(c), to wit, findings on Wood's indigency. If the circuit court determines that Wood is indeed indigent, then the circuit court must find whether Wood's petition sets forth a colorable cause of action, and enter an order memorializing its findings.

The supplemental record containing the circuit court's order shall be filed in this court within thirty days from the date of this opinion. Once the supplemental record is received, our clerk is directed to set a new briefing schedule so that Wood may provide a brief that addresses the supplemental order.

Remanded with instructions.

WOOD, J., dissents.