Cite as 2018 Ark. 381

# SUPREME COURT OF ARKANSAS

No. CV-17-385

| | |
|---|---|
| RUSSELL BERGER | **Opinion Delivered:** December 20, 2018 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE |
| V. | JEFFERSON COUNTY CIRCUIT COURT |
| | [NO. 35CV-17-235] |
| WENDY KELLEY, DIRECTOR, | |
| ARKANSAS DEPARTMENT OF | HONORABLE JODI RAINES DENNIS, |
| CORRECTION | JUDGE |
| APPELLEE | |
| | REMANDED FOR FINDINGS OF FACT. |

### COURTNEY HUDSON GOODSON, Associate Justice

Appellant Russell Berger lodged in this court the instant appeal of an order that denied his pro se petition for leave to proceed in forma pauperis in which he sought to proceed with a civil-rights complaint against employees of the Arkansas Department of Correction (ADC). The order contested found that Berger was not indigent, must pay the statutory filing fee for the action, and set an initial partial filing fee to be collected by the ADC.[1] We hold that, despite appellee's assertion to the contrary, the order is appealable, but because the order is not sufficient for our review, we remand for additional findings of fact.

---

[1]As discussed below, although the order did not specifically reference Berger's petition or indicate that it was denied, the order setting the partial filing fee is the only order in the record that disposes of the petition.

In her brief, the appellee contends that the order contained in the record, which is titled as an "order setting initial partial filing fee," was not one that ruled on Berger's in forma pauperis petition. However, the order disposed of the petition by finding that Berger was not indigent. As the appellee acknowledges, Arkansas Rule of Civil Procedure 72 (2017) conditions the right to proceed in forma pauperis in civil matters on indigency and the circuit court's satisfaction that the alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c) (2017). The circuit court is to first make a specific finding of indigency based on the petitioner's affidavit before addressing whether the petitioner has stated a colorable cause of action. Ark. R. Civ. P. 72(c). Once the court makes a finding that the petitioner is not indigent, as it did in the order setting initial partial filing fee, the analysis is complete. Although the order does not make the explicit statement that the petition was denied when it concluded that Berger was not a pauper, by doing so, the order had that effect.

An order that determines an action and prevents a judgment from which an appeal might be taken is an appealable order under Arkansas Rule of Appellate Procedure–Civil 2(a)(2) (2017). *McKenzie v. Pierce*, 2012 Ark. 190, 403 S.W.3d 565. This is a situation where the circuit court's ruling, while technically interlocutory in nature, had the practical effect of a final ruling on the merits of the case because an incorrect ruling by the circuit court on the indigency question serves to prevent an indigent plaintiff from proceeding. *See Doe v. Union Pacific R.R. Co.*, 323 Ark. 237, 914 S.W.2d 312 (1996). An order setting an initial partial filing fee that finds a petitioner who requests leave to proceed in forma

pauperis not indigent is an appealable order under Rule 2(a)(2). *See Halfacre v. Kelley*, 2018 Ark. 46, 538 S.W.3d 834.

The order in this case, however, is not sufficient for our review because it does not set forth the factual basis for the circuit court's finding that Berger was not a pauper. The order states that the court determined Berger was not indigent, but it gives no reason for the decision.

On appeal, the standard of review is whether the trial court abused its discretion in finding that petitioner was not indigent. *Burmingham v. State*, 342 Ark. 95, 27 S.W.3d 351 (2000). The criteria to be used in determining the indigency of a defendant are set out in *Burmingham*. Indigency is considered on a case-by-case basis, and the burden of establishing his status as a pauper is on the defendant claiming indigent status. *Id.* Although there is no set test for indigency, which is a mixed question of fact and law, some of the factors to be considered are (1) income from employment and governmental programs such as social security and unemployment benefits; (2) money on deposit; (3) ownership of real and personal property; (4) total indebtedness and expense; (5) the number of persons dependent on the appellant for support. *Id.* The ability of bystanders such as friends and family members to assist with expenses is not a factor in determining a petitioner's indigency, although an exception may be made if the petitioner has control or complete discretionary use of funds raised by others. *Id.*

When there are obvious defects in the underlying petition, this court may summarily dispose of an appeal from the denial of in forma pauperis proceedings. *Wood v.*

3

*State*, 2017 Ark. 290. Berger attached an affidavit in support of his petition in which he indicated that he had not been employed since 1998, that he had no other source of income, and, although his inmate welfare fund had shown deposits of a little over $100 in the preceding six months, that at the time he executed the affidavit he had no cash[2] or valuable property. There is no obvious reason in the petition for the court to have found Berger was not a pauper. The order does not state that a hearing was held on the in forma pauperis petition and, if one occurred, no transcript was included in the record. The basis for the circuit court's determination that Berger was not indigent is therefore far from clear.

We accordingly remand to the circuit court for a supplemental order on the in forma pauperis petition that contains adequate findings of fact on this issue. We caution that this remand is for the limited purpose of further factual findings outlining the circuit court's basis for its determination that Berger was not a pauper. We are not remanding to permit the circuit court to reconsider its initial determination that Berger was not a pauper, but rather for the court to provide an explanation of its reasoning for that conclusion. The order is to be entered, and the supplemental record containing the order returned, within thirty days from the date of this opinion. Once the supplemental record is received, our Clerk is directed to set a new briefing schedule.

Remanded for findings of fact.

---

[2]The certificate by the ADC officer that was attached to Berger's affidavit indicated that Berger had five cents in his account two days before the affidavit was signed.

*Russell Berger*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Robert T. James*, Ass't Att'y Gen., for appellee.