Cite as 2020 Ark. 175

# SUPREME COURT OF ARKANSAS

Nos. CR-91-279, CR-91-293

| | |
|---|---|
| JOHN RICHARD LUKACH<br>PETITIONER | Opinion Delivered: April 30, 2020 |
| V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND PETITION FOR WRIT OF CERTIORARI; MOTION FOR APPOINTMENT OF COUNSEL; MOTION TO WITHDRAW PETITIONS [HOT SPRING COUNTY CIRCUIT COURT, NOS. 30CR-91-115, 30CR-91-123, 30CR-91-124, 30CR-91-126]<br><br>PETITIONS DENIED; MOTION FOR COUNSEL DENIED; MOTION TO WITHDRAW PETITIONS FOR ERROR CORAM NOBIS AND WRIT OF CERTIORARI MOOT. |

**RHONDA K. WOOD, Associate Justice**

This is John Richard Lukach's second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Lukach has also filed a second petition for writ of certiorari, a motion for appointment of counsel, and a motion to withdraw his petitions for error coram nobis and writ of certiorari or in the alternative to

amend them.[1] Because Lukach is not entitled to either coram nobis relief or issuance of a writ of certiorari, we deny his petitions and the motion for appointment of counsel. His motion to withdraw is moot.

## I. *Background*

Lukach was charged with three counts of rape and one count of burglary. The charges were severed, and he was tried in two separate trials. In his first trial, a Hot Spring County Circuit Court jury convicted Lukach of the rapes of two girls, ages seven and nine (case nos. 30CR-91-123 and 30CR-91-124). He was sentenced to two concurrent terms of life imprisonment. We affirmed. *Lukach v. State*, 310 Ark. 119, 835 S.W.2d 852 (1992). In the second trial, Lukach was convicted of the rape of a five-year-old child and burglary and was sentenced to life plus twenty years' imprisonment (case nos. 30CR-91-115 and 30CR-91-126). We affirmed. *Lukach v. State*, 310 Ark. 38, 834 S.W.2d 642 (1992). Following his convictions, Lukach filed multiple petitions for postconviction relief, including petitions pursuant to Arkansas Code Annotated section 16-90-111, two petitions for writs of habeas corpus, a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, and a petition for writ of certiorari. We denied the petitions.

## II. *Writ of Error Coram Nobis*

Once a judgment is affirmed on appeal, a trial court cannot proceed with a petition for writ of error coram nobis unless this court grants permission and reinstates jurisdiction.

---

[1]Lukach subsequently filed an affidavit in support of this motion, and we consider it with the motion.

*Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *Id.* In coram nobis proceedings, the strong presumption is that the judgment of conviction is valid. *Id.* The burden is on petitioner to demonstrate a fundamental error of fact extrinsic to the record. *Id.* The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The petitioner must specify the facts relied upon and not merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833. We deny Lukach's writ of error coram nobis (1) because he makes arguments we have previously addressed and denied; (2) because his new allegations are outside the scope of the writ; and (3) because he failed to meet the essential elements of a *Brady* violation.

## A. Reasserted Claims

Lukach reasserts several claims that he raised in his petition for error coram nobis relief in *Lukach v. State*, 2014 Ark. 451 (per curiam). Reassertion of the same claims without sufficient facts to distinguish them is an abuse of the writ and subjects the petition to dismissal. *Henington v. State*, 2020 Ark. 11, 590 S.W.3d 736. The following claims were already raised and decided by this court; therefore, we summarily dismiss: (1) the Grant

County Circuit Court lacked jurisdiction because the State filed the original charge in Hot Spring County;[2] (2) double-jeopardy violation; and (3) lack of jurisdiction based on a defective information. *Lukach*, 2014 Ark. 451. We conclude these claims are an abuse of the writ.

B. Claims Outside the Scope

Assertions of trial error that could have been raised at trial are not within the limited scope on which the writ may issue. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. Several of Lukach's claims allege trial error which he should have raised at the trial court proceedings or on direct appeal. Errors of this nature do not fall within the purview of the writ. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. The following claims are excluded from our review for this reason: (1) speedy trial violation; (2) defective felony information; and (3) a motion for change of venue was not filed. *See Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49; *Smith v. State*, 2018 Ark. 37; *McClinton v. State*, 2018 Ark. 116, 542 S.W.3d 859; *State v. Wilmoth*, 369 Ark. 346, 351, 255 S.W.3d 419, 423 (2007). Lukach insists that he was unaware of the alleged errors cited above but fails to establish that these errors were concealed and that the defense could not have discovered them at the time of trial. Therefore, we deny the writ on these claims.

---

[2]This court also addressed and denied relief on this specific issue in Lukach's habeas petition. *See Lukach v. Norris*, CR-05-1344 (Ark. Mar. 23, 2006) (unpublished per curiam) (explaining factually that the Hot Spring Circuit Court conducted the trial in Grant County within the same judicial district and the issue raised is one of venue and of trial error).

## C. *Brady* Violation

Finally, Lukach alleges a *Brady* violation because the trial transcript did not include certain documents when it was lodged in the direct appeal of his convictions. Lukach appears to allege that the prosecutor withheld these documents, including the information, the arrest warrant, and notice of an arraignment.

To establish a *Brady* violation, the petitioner must satisfy three elements: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Henington v. State*, 2018 Ark. 279, 556 S.W.3d 518. When a petitioner alleges a *Brady* violation as the basis for his or her claim of relief in coram nobis proceedings, the facts alleged in the petition must establish that the evidence withheld was both material and prejudicial such that it would have prevented the judgment had it been known at the time of trial. *Martinez-Marmol*, 2018 Ark. 145, 544 S.W.3d 49. Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.*

Lukach does not explain how defense counsel's preparation of the direct-appeal record and inclusion or exclusion of documents supports his theory that the State withheld those documents from the defense prior to trial. He does not explain why his counsel was prevented from obtaining them and including them in the record. Furthermore, the documents he refers to are public records. *Brady* does not require the State to conduct

research for the defense. *See Jefferson v. State*, 2017 Ark. 293, 528 S.W.3d 830. Therefore, public records are not subject to being withheld or suppressed by the State. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767. Lukach has failed to meet any of the essential requirements to establish a *Brady* violation that would entitle him to coram nobis relief.

## VI. *Writ of Certiorari*

There are two requirements that must be satisfied for this court to grant a writ of certiorari. *Pedraza v. Circuit Court of Drew Cty.*, 2013 Ark. 116, 426 S.W.3d 441. First, there can be no other adequate remedy but for the writ of certiorari. *Id.* Second, a writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.*

Lukach argues that we should issue a writ of certiorari on the grounds discussed above. Lukach is not entitled to the issuance of a writ of certiorari because the arguments he now makes could have been raised at trial or on direct appeal. As we explained in our decision to deny Lukach's first petition, certiorari will not be used for the correction of trial error when the pursuit of other remedies has been lost due to the fault of the petitioner. *Lukach*, 2014 Ark. 451; *Gran v. Hale*, 294 Ark. 563, 745 S.W.2d 129.

## VII. *Motion for Appointment of Counsel*

The appointment of counsel in postconviction proceedings is discretionary. *Lane v. State*, 2019 Ark. 5, at 13, 564 S.W.3d 524, 533. We have held that if an appellant makes a

substantial showing that he is eligible for relief in a postconviction appeal and that he cannot proceed without counsel, we will appoint counsel. *Evans v. State*, 2014 Ark. 6. Lukach has not demonstrated merit to his petition for postconviction relief; therefore, he has not established that he is entitled to appointment of counsel.

Because the court has denied Lukach's petitions, his motion to withdraw or in the alternative amend, is moot.

Petitions denied; motion for counsel denied; motion to withdraw petitions for error coram nobis and writ of certiorari moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent from the majority opinion because I do not believe this court can prevent Lukach from withdrawing his error coram nobis petition. Lukach filed a motion to withdraw his petition on February 27, 2020—well before this matter was submitted for decision by this court. The majority denies Lukach's petition on the merits and declares that his motion to withdraw is therefore moot, but this goes out of order. Instead, we should first address his motion to withdraw, grant it because there is no good reason not to, and then declare his petition moot.

I dissent.

*John R. Lukach*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.