SLIP OPINION

Cite as 2015 Ark. 216

# SUPREME COURT OF ARKANSAS

No. CR-12-615

| | | |
|---|---|---|
| CHRISTOPHER DODGE | | **Opinion Delivered** May 14, 2015 |
| | PETITIONER | |
| | | PRO SE PETITION TO REINVEST |
| V. | | JURISDICTION IN THE TRIAL |
| | | COURT TO CONSIDER A PETITION |
| | | FOR WRIT OF ERROR CORAM NOBIS |
| | | [SEBASTIAN COUNTY CIRCUIT |
| STATE OF ARKANSAS | | COURT, GREENWOOD DISTRICT, |
| | RESPONDENT | NO. 66CR-11-107] |
| | | |
| | | |
| | | <u>PETITION DENIED</u>. |

## PER CURIAM

In 2012, Christopher Dodge was found guilty by a jury of three counts of rape and one count of attempted rape of a minor. An aggregate sentence of 1152 months' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *Dodge v. State*, 2013 Ark. App. 247, 427 S.W.3d 149.

Subsequently, Dodge sought postconviction relief in the trial court pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). The petition was denied, and Dodge appealed to this court. The appeal was dismissed. *Dodge v. State*, 2014 Ark. 116 (per curiam).

On March 24, 2015, petitioner filed in this court the pro se petition that is now before us seeking leave to proceed in the trial court with a petition for writ of error coram nobis.[1] After

---

[1]When a judgment has been affirmed on appeal, a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis is docketed in this court under the docket number for the direct appeal. *See Mooney v. State*, 2014 Ark. 453, 447 S.W.3d 121 (per curiam).

SLIP OPINION

a judgment has been affirmed on appeal, a petition filed in this court for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis only after we grant permission. *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001) (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Hooper v. State*, 2015 Ark. 108 (per curiam). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland v. State*, 2013 Ark. 452 (per curiam) (citing *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam)). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Chestang v. State*, 2014 Ark. 477 (per curiam); *McFerrin v. State*, 2012 Ark. 305 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Wright v. State*, 2014 Ark. 25 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

In his petition, Dodge first asserts that he is entitled to issuance of a writ of error coram

nobis because Arkansas's postconviction remedy pursuant to Arkansas Rule of Criminal Procedure 37.1 does not afford indigent defendants a "meaningful review" of claims of ineffective assistance of counsel pertaining to appellate counsel. He further appears to make the conclusory allegation that he was denied effective assistance of counsel at trial. Neither assertion is a ground for the writ. Any challenge Dodge desired to raise to this State's postconviction remedy embodied in Rule 37.1 could, and should, have been raised under the Rule. As to any allegation that Dodge may have intended to raise in the petition which could be construed as a claim that he was not afforded effective assistance of counsel at trial or on direct appeal, we have repeatedly held that a petition for writ of error coram nobis is not a substitute for raising claims of ineffective assistance of counsel under Rule 37.1. *Mason v. State*, 2014 Ark. 288, 436 S.W.3d 469 (per curiam).

Dodge next contends that the writ should issue on the ground that his coerced, illegally obtained confession was utilized at his trial to gain the conviction against him. He argues that the use of a coerced confession to obtain a judgment is tantamount to a coerced guilty plea, and, thus, the issue is within the purview of a coram-nobis proceeding. There is no merit to Dodge's argument. The allegation is not cognizable as a ground for coram-nobis relief. Even if the issue of whether Dodge's statement to police should have been suppressed had not been raised at his trial and addressed on direct appeal, the claim amounts to an argument of trial error. Assertions of trial error are outside the scope of a coram-nobis proceeding. *Lukach v. State*, 2014 Ark. 451 (per curiam). Moreover, coram-nobis proceedings do not provide a petitioner with a forum to relitigate trial or appeal issues. *See Watt v. State*, 2013 Ark. 485 (per curiam) (holding that this

SLIP OPINION

court does not consider in a coram-nobis action allegations that are an attempt to reargue issues addressed on appeal).

Finally, Dodge makes a conclusory reference to material having been withheld by the prosecution in his case. While the established withholding of exculpatory evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), is a ground for the writ, the petitioner raising a *Brady* claim must present factual substantiation for the allegation. Here, Dodge does not state what evidence was withheld or otherwise offer any proof to support the claim. This court is not required to take claims of a *Brady* violation in a coram-nobis petition at face value without substantiation. *Slocum v. State*, 2014 Ark. 491 (per curiam). The application for coram-nobis relief must make a full disclosure of specific facts relied upon. *Maxwell v. State*, 2009 Ark. 309 (citing *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004)).

As stated, the function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment, and the petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Dodge here has not met that burden.

Petition denied.