Cite as 2021 Ark. 119

# SUPREME COURT OF ARKANSAS
No. CR-13-1022

| | | |
|---|---|---|
| ROY LEE RUSSELL | | **Opinion Delivered:** May 27, 2021 |
| | PETITIONER | |
| V. | | PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| STATE OF ARKANSAS | | |
| | RESPONDENT | [DESHA COUNTY CIRCUIT COURT, NO. 21ACR-12-10] |
| | | PETITION DENIED. |

**ROBIN F. WYNNE, Associate Justice**

Petitioner Roy Lee Russell brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. In the petition, Russell contends the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding the criminal history of two primary witnesses at his trial. Because Russell has not established a *Brady* violation, the petition is denied.

## I. *Background*

Russell was charged by criminal information in the Desha County Circuit Court with three counts of kidnapping, one count of aggravated assault, three counts of rape, one count of second-degree battery, and one count of being a felon in possession of a firearm. A jury acquitted Russell of all except the counts of second-degree battery and being a felon in possession of a firearm. Russell was sentenced as a habitual offender to 180 months'

imprisonment for the second-degree-battery conviction and 480 months' imprisonment for the conviction of being a felon in possession of a firearm. The sentences were ordered to be served consecutively for an aggregate term of 660 months' imprisonment. The court of appeals affirmed the convictions and sentences. *Russell v. State*, 2014 Ark. App. 357.

## II. *Writ of Error Coram Nobis*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material

2

evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

While a *Brady* violation is a ground for issuance of the writ, the fact that a petitioner alleges a *Brady* violation alone is not sufficient to provide a basis for coram nobis relief. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242. To merit relief on a claim of a *Brady* violation, a petitioner must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *Id.* There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. Before the court can determine whether a *Brady* violation has occurred, the petitioner must first establish that the material was available to the State prior to trial and that the defense did not have it. *Id.*

III. *Claims for Relief*

Russell claims that the State's primary witness, Cynthia Santos, has an extensive criminal record consisting of charges for burglary and theft by receiving that the prosecution failed to disclose to the defense. Russell further contends that the State's other witness, Holly

3

Davidson, has a juvenile record. Attached to his petition is an internet printout of Santos's criminal charges. Russell provides no evidence of Davidson's juvenile adjudication.

The Arkansas Freedom of Information Act defines public records as records of performances carried out by public officials or a governmental agency. *See* Ark. Code Ann. § 25-19-103 (Supp. 2019); *Fox v. Perroni*, 358 Ark. 251, 188 S.W.3d 881 (2004). Criminal proceedings are matters of public record. *Lukach v. State*, 2020 Ark. 175. Therefore, Santos's criminal history, which Russell easily acquired by searching the internet, is a matter of public record. Matters of public record are not subject to being withheld by the State in violation of *Brady. Henington v. State*, 2018 Ark. 279, 556 S.W.3d 518. *Brady* does not require that the State conduct research and provide that research to the defense.[1] *Id.* (citing *Jefferson v. State*, 2017 Ark. 293, 528 S.W.3d 830). Moreover, a review of the direct-appeal record [2] demonstrates that when asked by the prosecutor if she had felony convictions, Santos replied, "I have – I don't have any convictions." Santos admitted that she had misdemeanor convictions but no felony convictions. The internet printout attached to Russell's petition does not establish that Santos was convicted of the three charges listed on the document.

[1]Russell asserts that the prosecution is obligated to disclose prior criminal records when requested by the defense pursuant to Arkansas Rule of Criminal Procedure 17.1 (2012). Under Rule 17.1, the obligation to disclose the criminal records is contingent on the prosecution's having the information. Russell asserts that such a request was made but fails to provide evidence that defense counsel made the request or that the prosecution had knowledge of Santos's criminal record or of Davidson's juvenile adjudication.

[2]This court may take judicial notice in postconviction proceedings of the record on direct appeal without the need to supplement the record. *Williamson v. State*, 2020 Ark. 319, 608 S.W.3d 149.

Furthermore, Russell does not explain why a prosecutor would have elicited testimony from Santos concerning felony convictions if the prosecution knew the testimony was false.

While certain juvenile records are confidential under Arkansas Code Annotated section 9-27-309(k), Russell does not present any evidence of Davidson's alleged juvenile record, which Russell contends included an adjudication for second-degree forgery. Allegations by a petitioner claiming a *Brady* violation "need not be considered to be inherently truthful." *Williams v. State*, 2020 Ark. 224, at 9–10, 601 S.W.3d 418, 424. A court considering a claim of a *Brady* violation in a coram nobis petition is not required to take the petitioner's allegations at face value. *Thacker v. State*, 2016 Ark. 350, 500 S.W.3d 736. Russell offers no evidence that an adjudication took place, that it would have been admissible under Arkansas Rule of Evidence 609 (2012), or that the prosecutor had access to the record and the defense did not.

Even assuming that there was a juvenile adjudication and that the prosecutor had access to the record, Russell fails to demonstrate the prejudice prong of a *Brady* claim. When a petitioner alleges a *Brady* violation as the basis for his or her claim of relief in coram nobis proceedings, the facts alleged in the petition must establish that material and prejudicial evidence was withheld such that it would have prevented rendition of the judgment had the existence of the evidence been known at the time of trial. *Davis v. State*, 2019 Ark. 172, 574 S.W.3d 666. Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.*

According to Russell, his conviction rested on the testimony of three witnesses--Santos, Davidson, and Harold Shepherd. However, the testimony of these witnesses was corroborated by other testimony and evidence presented at trial. Investigators testified to statements taken from all three victims within hours of the incident, and the statements were wholly consistent with the testimony presented at trial--that Russell had possession of a gun and had threatened and beaten all three victims with it. Investigators also testified that Russell initially told police that he had been assaulted by three unknown white people, although all three victims were well known to Russell.[3] In addition, medical evidence established that all three victims had bruises and lacerations to their scalps and foreheads. Davidson was described by emergency responders as having dried blood covering her face and chest, a one-inch laceration to both the right side and the left side of her forehead, and lacerations to her finger and elbows. Additional testimony and photographs established that Davidson had multiple bruises on her back.

In addition to the three witnesses' testimony that Russell was in possession of the gun, investigators found a magazine casing in Russell's bedroom that matched the gun they identified as belonging to Russell. In view of the totality of the evidence presented at trial, Russell fails to establish that a disclosure of Davidson's alleged juvenile adjudication for forgery created a reasonable probability that, had this alleged evidence been disclosed to the defense, the result of the proceedings would have been different.

---

[3]Davidson and Russell had lived together for approximately one year before the events that led to his conviction.

Petition denied.

*Roy Lee Russell*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for respondent.