Cite as 2021 Ark. 181

# SUPREME COURT OF ARKANSAS

No. CR-12-7

| | |
|---|---|
| | **Opinion Delivered:** October 14, 2021 |
| RICHARD TOMMY GORDON<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; MOTION FOR APPOINTMENT OF COUNSEL [STONE COUNTY CIRCUIT COURT, NO. 69CR-11-24]<br><br>PETITION DENIED; MOTION FOR APPOINTMENT OF COUNSEL MOOT. |

**SHAWN A. WOMACK, Associate Justice**

Petitioner Richard Tommy Gordon brings this second pro se petition[1] to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis and seeks the appointment of postconviction counsel. In his second petition, Gordon contends that he is entitled to relief due to a coerced guilty plea,[2] the failure of the prosecutor or his trial counsel to advise him of the spousal privilege in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), ineffective assistance of trial counsel, and ineffective assistance of postconviction counsel. Finally, Gordon makes a cumulative-error claim. Because Gordon fails to raise a

---

[1]Gordon's first pro se petition for coram nobis relief was denied by per curiam order entered by this court on March 13, 2014.

[2]Gordon did not plead guilty to the offense but was tried by a jury and convicted. Gordon claims that his pretrial statement was coerced.

cognizable claim for issuance of the writ, the petition is denied,[3] and Gordon's motion for appointment of counsel is moot.

## I. *Background*

A Stone County jury convicted Gordon of the first-degree murder of Joe Clifton, and he was sentenced to a term of life imprisonment plus a term of 180 months. This court affirmed his conviction and sentence. *Gordon v. State*, 2012 Ark. 398. The jury deadlocked in Gordan's first trial in the Fulton County Circuit Court, which resulted in a mistrial. For Gordan's second trial, venue changed to Stone County. *Id*. Gordon gave a pretrial statement admitting that he had killed Clifton but asserted in his testimony at trial that he shot Clifton in self-defense because Clifton had aimed a rifle at him. Gordon's wife testified that Gordon came home and told her that he had killed Clifton, and she admitted that she told law enforcement that Gordon told her that Clifton had begged him not to shoot. *Id*. Gordon's wife was unavailable for the Stone County trial, and her testimony from the earlier Fulton County trial was read to the jury. *Id*.

## II. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court cannot entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal unless we grant permission. *Newman v. State*, 2009 Ark. 539, at 5, 354 S.W.3d

---

[3]A petition addressed to the Stone County Circuit Court to file a belated Rule 37.1 petition in the circuit court is attached to Gordon's petition for coram nobis relief. It will suffice for this court to note that the circuit court does not have the authority to grant Rule 37.1 relief, as there are no provisions in the prevailing rules of procedure that permit a petitioner to file his petition outside the time limits set by Rule 37.2(c) of the Arkansas Rules of Criminal Procedure. *Tolliver v. State*, 2016 Ark. 111, at 4, 486 S.W.3d 199, 201 (per curiam).

61, 65. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 406, 17 S.W.3d 87, 92 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, at 2, 502 S.W.3d 524, 526. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had the trial court known about it and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, at 5, 354 S.W.3d at 65. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, at 11, 425 S.W.3d 771, 777.

The writ is only permitted under compelling circumstances to achieve justice and to address the most fundamental of errors. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, at 4, 403 S.W.3d 38, 43.

While a *Brady* violation is a ground for issuance of the writ, the fact that a petitioner alleges a *Brady* violation alone is insufficient to provide a basis for coram nobis relief. *Russell v. State*, 2021 Ark. 119, at 3, 623 S.W.3d 117, 120. To merit relief on a claim of a *Brady* violation, a petitioner must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *Id.* There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or

3

because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Id*. Before the court can determine whether a *Brady* violation has occurred, the petitioner must first establish that the material was available to the State prior to trial and that the defense did not have it. *Id*. at 4, 623 S.W.3d at 121.

### III. *Claims for Relief*

Gordon contends that after his arrest, he was "coerced into making a statement against himself." Gordon fails to produce evidence that he made a pretrial confession to murder. Instead, it appears that Gordon admitted to law-enforcement officers that he shot Clifton but testified at trial that the shooting was justified. In any event, an allegation of a coerced pretrial confession amounts to a claim of trial error that is outside the scope of coram nobis proceedings. *Dodge v. State*, 2015 Ark. 216, at 3, 461 S.W.3d 700, 703 (per curiam).

Gordon also raises a *Brady* claim, contending that the prosecutor and his defense attorney failed to advise him that his wife could not be compelled to testify against him pursuant to Arkansas Rule of Evidence 504(b) (2012). Gordon claims that both the prosecutor and his own attorney failed to disclose the doctrine of spousal privilege either to him or to his wife.[4] As discussed, the essential factor in establishing a *Brady* violation is that material was available to the State and the defense did not have it. *Russell*, 2021 Ark. 119, at 3, 623 S.W.3d at 121. But it is not possible for the State to withhold public records from

---

[4] Gordon's wife admitted to law enforcement that Gordon had made incriminating statements to her that Clifton begged Gordon not to shoot. *Gordon*, 2012 Ark. 398, at 2. The spousal privilege is waived when a spouse has made incriminating statements to law enforcement. *MacKool v. State*, 365 Ark. 416, 488, 231 S.W.3d 676, 700 (2006).

4

a defendant, such as the Rules of Criminal Procedure. At best, Gordon's claim represents an ineffective-assistance-of-counsel claim, which is not cognizable in coram nobis proceedings. *Washington v. State*, 2021 Ark. 13, at 2, 614 S.W.3d 817, 819. Gordon raised two additional ineffective-assistance-of-counsel claims alleging that his trial counsel was ineffective and that his postconviction counsel failed to file a timely Rule 37.1 petition and claims cumulative error, none of which are cognizable claims in a coram nobis proceeding. *Linell v. State*, 2020 Ark. 253, at 3, 602 S.W.3d 117, 120.

Petition denied; motion for appointment of counsel moot.