Cite as 2021 Ark. 221

# SUPREME COURT OF ARKANSAS
No. CR-93-189

| | | |
|---|---|---|
| REGINALD EARLY | | Opinion Delivered: December 2, 2021 |
| | PETITIONER | PRO SE THIRD PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [DALLAS COUNTY CIRCUIT COURT, NO. 20CR-90-17] |
| V. | | |
| STATE OF ARKANSAS | | |
| | RESPONDENT | |
| | | COUNSEL APPOINTED. |

BARBARA W. WEBB, Justice

In 1992, petitioner Reginald Early was found guilty by a jury of first-degree murder and aggravated robbery. *Brown v. State*, 315 Ark. 466, 869 S.W.2d 9 (1994). He was sentenced to life imprisonment. *Id*. We affirmed. *Id*. Early subsequently filed two petitions to reinvest jurisdiction in the trial court to consider a petition for writ of *error coram nobis* and both were denied. *See Early v. State*, No. CR 93-189 (Ark. Nov. 18, 2004) (unpublished per curiam), and *Early v. State*, No. CR-93-189 (Ark. Oct. 12, 2006) (unpublished per curiam).

Now before us is Early's third *pro se* petition to reinvest jurisdiction in the trial court to consider a petition for writ of *error coram nobis*. Since the filing of his second petition, Early's codefendants were granted habeas relief under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Arizona v. Youngblood*, 488 U.S. 51 (1988), which are the same bases alleged by Early in the petition before the court. *See Jimerson v. Payne*, 957 F.3d 916 (8th Cir. 2020). While a

criminal defendant has no constitutional right to counsel in a postconviction proceeding or civil action, this court has discretion to appoint counsel when there is a substantial showing that a petitioner is entitled to relief and cannot proceed without counsel. *Strawhacker v. State*, 2015 Ark. 263, at 2; *Virgin v. A.L. Lockhart*, 288 Ark. 92, 702 S.W.2d 9 (1986). Early has made a substantial showing that he may be entitled to postconviction relief and that he cannot proceed without appointed counsel. The court appoints Robby Golden as counsel and directs that he file an amended petition for a writ of *error coram nobis* for submission to this court.

Counsel appointed.

WOOD, J., concurs

WOMACK, J., and Special Justice SYLVESTER SMITH dissent.

WYNNE, J., not participating.

**RHONDA K. WOOD, Justice, concurring**. While I'm glad the dissenters are concerned with the State's purse, I hope that we place justice over cost and expediency. We should not shortchange defendants or fail to protect the integrity of the justice system simply because it might cost too much. The Eighth Circuit—after considering arguments from counsel—granted relief to Early's accomplices who brought allegations of irregularity in their convictions. Because Early's conviction was clouded by the same issue, I think we should give Early's claims a thorough consideration.

Early's pro se petition for writ of error coram nobis alleges a *Brady* violation. Because he filed his petition pro se, we may appoint counsel if he has made a substantial showing

that he is entitled to relief and that he cannot proceed effectively without counsel. *See Strawhacker v. State*, 2015 Ark. 263. The Eighth Circuit's findings in his accomplices' cases meet the requirements of a substantial showing that he may have a right to error coram nobis relief. *Jimerson v. Payne*, 957 F.3d 916 (8th Cir. 2020). The accomplices were granted habeas relief on the same allegations. *Id.* Given the findings in *Jimerson*, at minimum, Early is entitled to counsel. Although the dissenters think we should decide whether to reinvest jurisdiction now, that decision can wait until counsel briefs these issues.

Both dissents also claim we should not appoint counsel because Early confessed to the crime two decades after his conviction. They predetermine that this confession shows no prejudice under *Brady*. But this skirts two important issues. The first is the shaky reliability of Early's confession. The magistrate judges who held evidentiary hearings in *Jimerson* found Early's confession "questionable" and "simply not reliable." And second is what effect this court should give to a subsequent confession when considering a *Brady* violation. Because this court would benefit from reasoned arguments by counsel on these issues, I join the majority.

SHAWN A. WOMACK, **Justice, dissenting.** Many post-conviction cases may benefit from the appointment of counsel, but this is not one of them. I respectfully dissent.

A jury convicted Early of first-degree murder and aggravated robbery, and this is his third coram nobis petition. This time, Early claims a *Brady* violation related to a jailhouse confession by one of his codefendants, which an informant working on behalf of the police recorded in exchange for the prosecutor dropping his charges. The prosecution never

informed Early's defense counsel about this recording or its surrounding circumstances, which Early claims was material evidence. But Early has failed to show that there would have been a different result had this evidence been disclosed. *Wood v. State*, 2020 Ark. 274, at 4, 606 S.W.3d 77, 80.

Knowledge of the circumstances surrounding the confession would not have provided Early with exculpatory evidence. At most, it could have impeached the credibility of Vaughn's guilty plea. A witness testified at Early's trial that Early had admitted killing the victim, describing in detail what he had done to her. Another witness testified that Early was near the crime scene at the time of the murder. Considering this testimony, one cannot sincerely claim that the outcome would have been different had the defense known about Vaughn's jailhouse confession.

Additionally, Early recently filed an affidavit confessing that he was solely responsible for the murder. Several of Early's codefendants used this affidavit to secure habeas relief in federal court, and Early stood by his confession when he testified at those habeas proceedings. Appointing counsel would frustrate the efficacy of this court at the taxpayer's expense. Early is unlikely to succeed on his claim, with or without counsel.

I respectfully dissent.

**SYLVESTER SMITH, Special Justice, dissenting.** *Error coram nobis* relief is an extraordinary remedy under the law. It is an area of law that, frankly, is foreign to many members of the Bar. These cases pose a significant challenge to the *pro se* petitioner; therefore, justice often requires the appointment of counsel in *error coram nobis* cases. This,

however, is a case in which appointed counsel is unlikely to impact the outcome. For that reason, I respectfully dissent.

Mr. Early was convicted by a jury of first-degree murder and aggravated robbery. *Brown v. State*, 315 Ark. 466, 869 S.W.2d 9 (1994). He has been incarcerated since his conviction and now seeks a writ of *error coram nobis* predicated on an alleged *Brady* violation by the State. *Brady v. Maryland*, 373 U.S. 83 (1963).

Early's petition states that investigators in his case recruited Ronnie Prescott to move into the Dallas County jail where he pretended to be an inmate. Mr. Prescott was then placed in the cell with one of Mr. Early's co-defendants. Early claims that Prescott secured a confession from his co-defendant in exchange for leniency in his own case. According to Mr. Early's petition, the prosecution in his case not only had knowledge of Mr. Prescott, and his role in obtaining a confession, but also had recordings of Prescott's conversations with Early's co-defendant. However, Early alleges that none of the information or evidence relating to Prescott was shared either with him or with his attorneys at the time of his trial. Early claims to have only learned of Prescott's involvement in his case many years later.

This court has the solemn duty of ensuring transparency, equality, and fundamental fairness in the criminal justice system. Justice is never more opaque than in instances like the present case where the State manipulates those in its cross hairs and hides the existence of evidence as Early alleges.

This court cannot allow television-drama type justice where the very existence of witnesses and potentially exculpatory evidence, such as recordings of confessions, are not

shared with the defendant––especially when the third party who obtained the confession did so based upon a quid pro quo promise of leniency from the State, which was also not shared with the defense. These allegations go the heart of *Brady*.

Early's argument for postconviction review is undercut by his own seven-page sworn affidavit in which he admits his guilt in painstaking and painful-to-read detail. Confessions are, admittedly, not always reliable. There have been instances in which confessions are achieved through less than noble means. Mr. Early's confession, however, appears to have come of his own volition and was written some twenty-three years after his conviction.

*Error coram nobis* is the push-button-in-case-of-emergency clause in our law that allows an incarcerated person who alleges that he or she was wrongly convicted to seek an extraordinary review of his or her case. *Russell v. State*, 2021 Ark. 119, 623 S.W.3d 117. The aim of this legal mechanism is to achieve justice and to address errors of the most fundamental nature. *Id.*

There can be no injustice when a man who is admittedly guilty is in prison for a crime he says he committed. Therefore, the appointment of counsel would be a poor investment of taxpayer resources that is unlikely to secure Mr. Early the relief he requested. For that reason, I respectfully dissent.

*Reginal Early*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Kent Holt*, Ass't Att'y Gen., for respondent.

6